RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 10/14/05

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| United States of America | Criminal Action No. 6:04-CR-20029 |
| versus | Judge Tucker L. Melançon |
| Lukman Kassimu | Magistrate Judge Mildred Hill |

## MEMORANDUM ORDER

Before the Court is a Motion for New Trial filed by defendant Lukman Kassimu [Rec. Doc. 55] and the government's response [Rec. Doc. 56].

The defendant bases his motion upon Federal Rule of Criminal Procedure 33(a), which provides that, upon the defendant's motion, a Court may vacate any judgment and grant a new trial to a defendant if the interests of justice so require.

### I. *Standard of Review*

In determining whether to grant the motion for new trial, the Court must "carefully weigh the evidence and may assess the credibility of the witnesses during its consideration of the motion for new trial, but must not entirely usurp the jury's function, or simply set aside a jury's verdict because it runs counter to the results the district court believed was more appropriate." *U.S. v. Tarango*, 396 F.3d 666, 672 (5th Cir. 2005). "Setting aside a jury guilty verdict in the interests of justice may be appropriate under circumstances where the evidence brought forth at trial may

tangentially support a guilty verdict, but in actuality, 'preponderates sufficiently heavily against the verdict such that a miscarriage of justice may have occurred.'" *Id.* quoting *United States v. Lincoln,* 630 F.2d 1313, 1319 (8th Cir.1980). "Similarly, while vested with discretion to grant a new trial pursuant to Rule 33 if necessary in accordance with the interests of justice . . . this power should be exercised infrequently by district courts, unless warranted by 'exceptional' circumstances." *Id.*

## *II. Law and Analysis*

Kassimu submits three reasons for setting aside the jury's verdict and ordering a new trial. First, the defendant alleges that the Court erred in admitting evidence in violation of the hearsay rule. Second, the defendant avers that the Court erred in admitting evidence in violation of the Confrontation Clause of the Sixth Amendment. Lastly, Kassimu contends that the jury's guilty verdict as to Count 3 of the indictment is inconsistent with the evidence and the jury's not guilty verdicts as to Counts 1 and 2.

### *A. Admission of Testimony by Brandon Tullier did not Violate the Hearsay Rule*

The defendant's first reason for vacating the judgment is that certain documents were admitted into evidence in violation of the hearsay rule of evidence. Specifically, the defendant avers that the admission into evidence of postal records through the testimony of Postal Inspector Brandon Tullier did not qualify under the business

record exception because a proper foundation for authentication was not provided, as Mr. Tullier was not the proper custodian of the records. Kassimu alleges that Mr. Tullier had no specific knowledge of the money orders at issue or of the input and verification processes used by the United States Postal Service. Thus, his testimony should have been excluded since he failed to lay a proper foundation.

Rule 803(6) of the Federal Rules of Evidence allows business records to be introduced into evidence as long as there is proper foundation to establish reliability. Business records may be introduced by the "custodian or other qualified witness . . . unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness." F.R.E. 803(6). Based on the record, the Court finds that Brandon Tullier satisfies the "qualified witness" standard. Accordingly, his testimony was properly admissible under the business records exception to the hearsay rule.

*B. Admission of Postal Records did not Violate the Confrontation Clause*

Kassimu further contends that the admission into evidence of postal records violated his Sixth Amendment right to confront witnesses. He relies on *Crawford v. Washington.* 541 U.S. 36 (2004). In *Crawford*, the Supreme Court held that admitting testimonial evidence without granting the defendant the right to question the declarant violated the Confrontation Clause.

Kassimu's argument is without merit. The *Crawford* decision addressed a defendant's right to confront witnesses, not documentary evidence. In *Crawford,* the Court noted that the "Clause's ultimate goal is to ensure reliability of evidence, but it is a procedural rather than a substantive guarantee." *Id.* at 61. Rather, the Rules of Evidence provide safeguards and procedures for the defendant to challenge the reliability of documents, including business records. Thus, the Court finds that admitting the United States postal money orders into the record did not violate the defendant's Sixth Amendment right to confront witnesses.

*C. The Record Supports the Jury's Finding of Guilt as to Count 3.*

Lastly, the defendant contends that the jury's guilty verdict as to Count 3 represents a compromise verdict and is inconsistent with the evidence and the jury's findings as to Counts 1 and 2. At trial, the jury found Kassimu not guilty of Counts 1 and 2 of the indictment, the passing of altered United States postal money orders with intent to defraud in violation of 18 U.S.C. § 500. The jury further found Kassimu guilty of Count 3 of the indictment, the attempted passing of an altered United States postal money order with intent to defraud. The defendant argues that the verdicts were not based on the evidence before the jury, but rather on compromises made during deliberation.

4.

The defendant's argument is without merit. Inconsistent or compromise verdicts do not violate due process principles under the Fifth Amendment. *United States v. Short*, 181 F.3d 620 (5th Cir. 1999). Inconsistent verdicts do not trigger reversal of findings of guilt, as long as there is sufficient evidence to support the jury's guilty verdict. *Id.* at 624. An inconsistent verdict is allowed even if it is the product of mistake or compromise. *United States v. Powell*, 469 U.S. 57 (1984).

Thus, the Court cannot look at the inconsistency of the jury's findings for purposes of determining the validity of a Motion for New Trial. Rather, the Court may only evaluate whether the evidence was sufficient for the jury to reach a guilty verdict as to Count 3. In reviewing the record, the Court finds that the government presented sufficient evidence for the jury to reach a guilty verdict as to Count 3 of the indictment.

### III. Conclusion

Based on the record, the Court finds that the admission of Brandon Tullier's testimony and United States postal money orders into the record did not violate the hearsay rule or the Confrontation Clause of the Sixth Amendment. The Court further finds that the record supports the jury's guilty verdict as to Count 3 of the indictment.

The defendant's claims are without merit and do not constitute exceptional

circumstances that necessitate the granting of a new trial in the interests of justice.

Accordingly, defendant's Motion for New Trial will be denied.

COPY SENT
DATE 10/14/05
BY